# Polytinsky *v.* Stewart.

### *Assumpsit.*

(Decided June 18, 1908.    Rehearing denied Feb. 5, 1909.
48 South. 395.)

1. *Account, Action on; Verified Account.*—Whether an account was so itemized or verified as to be self proving under section 1804. Code 1896, it was admissible where it was shown by the testimony that the items composing it were taken from a statement given witness by defendant's bookkeeper at defendant's request; and the fact that the witness changed the account after it was first verified did not affect the adminissibility of the account, although it may have affected the credibility of the witness.

2. *Same.*—Because plaintiff could not swear to the credits on an account that did not render it inadmissible to show the debits, and the defendant could not complain that plaintiff did not swear to credits voluntarily allowed him.

3. *Same; Verified Account; Proof of Simple Account.*—Proof may be adduced in support of an action based on a verified account, just as if the action was on simple account.

4. *Same; Verified Account.*—The account in this case examined and held to be not so itemized and verified as to be self proving under section 1804, Code 1896.

Appeal from Morgan Circuit Court.

Heard before Hon. D. W. Speake.

Suit on verified account by S. E. Stewart against Abraham Polytinsky. From judgment for plaintiff, defendant appeals. Reversed and remanded.

This was an action for work and labor done by a partnership composed of Ober & Holmes, for ginning cotton, with an allegation that the account had been transferred

[Polytinsky v. Stewart.]

and assigned to plaintiff. The fact of its verification was indorsed on the complaint. The facts are sufficiently stated in the opinion of the court. The account as itemized is as follows:

A. Polytinsky, Hartselle, Alabama, in account with Obar & Holmes, a partnership, composed of William Obar and J. W. Holmes, Nov. 21, 1906.

To amount for ginning 25,116 lbs. lint cotton at .25 per hundred_____ $ 62.49

To ginning 227,029 lbs. lint cotton at .30 per hundred_____ 671.08

$733.67

Itemized credit, amounting to $378. 38.
State of Alabama, Morgan County.

Personally appeared before me, R. T. Pucket, a notary public in and for said county, in said state, William Obar, who, being duly sworn, deposes and says that he is a member of the firm of Obar & Holmes, a partnership composed of William Obar and J. W. Holmes, and that the above account is true and correct, and that $355.19 is due therein after allowing all credits and offsets to which the same is entitled.

(Signed, sworn to, and subscribed.)

Then follows the transfer to Stewart.

Charge 3 is as follows: "The sworn and itemized account offered in evidence is competent evidence as to the correctness of the account sued upon in this case."

CALLAHAN & HARRIS, for appellant. It was not shown when the account accrued or when it became due.— *Alexander v. Moore, et al.*, 111 Ala. 414. The suit should have been brought in the name of the party really interested.—Sec. 28, Code 1896. The evidence brings this

case squarely in line with the case of *Stewart v. Price*, 64 Kan. 191. Counsel discuss charges given and refused, but without citation of authority.

JOHN R. SAMPLE, for appellee. The verified account was properly admitted in evidence.—*Lunsford v. Butler*, 102 Ala. 403; *Sullivan T. Co. v. Breagel*, 111 Ala. 114; sec. 1804, Code 1896. It is not necessary that plaintiff have in their possession a sworn itemized account at the time the suit was filed.—*Alexander v. Moore*, 111 Ala. 410. The suit was properly brought.—*Ex parte Randall*, 42 South. 870; *Carpenter v. Green County*, 29 South. 194; 106 Ala. 636; 54 Ala. 519.

ANDERSON, J.—Conceding that the account offered was not so itemized or verrified as to become self-proving, under section 1804 of the Code of 1896, there was proof sufficient to authorize its going to the jury. The witness Obar testified that the "items of indebtedness as appearing in the account were taken from a statement given to witness by the bookkeeper of the defendant, Polytinsky, and that the account was furnished by the bookkeeper at defendant's request." This evidence was clearly sufficient, as an admission by the defendant, to render the account admissible. The fact that he changed the account after the first verification was a circumstance to be considered by the jury in weighing the witness' testimony, but did not render the account inadmissible, when taken in connection with the other testimony of the witness. Nor did the fact that the witness could not swear to the credits on the account prevent its being offered to show the debits, as the credits were favorable to the defendant, who could not complain that the plaintiff did not swear to credits voluntarily allowed

him.    Suing on a verified account does not preclude proof as in simple action on account.—*Sullivan Timber Co. v. Brushagel*, 111 Ala. 20 South. 498.

While the account was competent, in connection with the other evidence, we do not think that it was so itemized and verified as to become self-proving, under the statute, and the trial court erred in giving charge 3 at the request of the plaintiff.

The evidence as to the nature and purposes for which the account was transferred is rather vague and uncertain, and, as this case must be reversed, we will not undertake to decide whether or not the suit was properly brought in the name of the present plaintiff, as the evidence as to the transfer and ownership of the account should be clearer on the next trial.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.