31 So.2d 372

**JORDAN v. RICE–STIX DRY GOODS CO.**

7 Div. 914.

Court of Appeals of Alabama.

June 30, 1947.

Irby A. Keener, of Center, for appellant.

L. B. Rainey, of Gadsden, for appellee.

---

[1] 249 Ala. 96.

[2] 249 Ala. 102.

CARR, Judge.

The complaint in this cause contains one count, which is in code form, claiming an amount due by an account for goods sold and delivered to the defendant by the plaintiff.·

At the trial, without a jury, in the court below, the plaintiff offered in evidence an itemized statement of the claimed amount, verified by the affidavit of the secretary of the plaintiff company. To the introduction of this document the defendant objected on the grounds: "it is irrelevant, immaterial, illegal and incompetent testimony * * *. We are objecting on the grounds that at the time he filed original summons and complaint he did not file a verified itemized statement of account and he did not state in his original Summons and Complaint when filed that the suit was based on this verified itemized statement of account and therefore the statement offered in evidence at this time is not admissible as it does not comply with the statute." The record supports the verity of this position.

The trial· court overruled the objection and exceptions were duly reserved. Judgment was rendered in favor of the plaintiff and this appeal followed.

In brief of counsel for appellee it is not contended that there was an effort to comply with the provisions of Title 7, Sec. 378, Code 1940, wherein the requirements incident to the admissibility in evidence of a sworn account are plainly set out. It is insisted, however, that the document should have been allowed to support the oral testimony which tended to establish the plaintiff's case. Reed v. Banister, 202 Ala. 328, 80 So. 410. We would sustain this position if the verified account had been properly identified and its use was necessary to refresh the recollection of a witness as to the facts contained therein. However, the record will not permit this. We have here only an ex parte itemized statement of the account, verified by affidavit, without any proof necessary to establish its admissibility. In·fact, there was no one in any way connected with the plaintiff company who appeared· as a witness in the trial below. Clearly, the court was in error in admitting this paper. Gainer & Co. v. Pollock & Co., 96 Ala. 554, 11 So. 539; Alexander v. Moore & Kornegay, 111 Ala. 410, 20 So. 339; Armour Fertilizer Works ,v. Kinney, 216 Ala. 547, 114 So. 41.

We cannot sustain the insistence of appellant's counsel that we should here render a judgment in favor of the defendant below. It is obvious that the judgment of the court below should be reversed and the cause remanded.

It is so ordered.

Reversed and remanded.