Appeals by the defendants from summary judgments for the plaintiff. We affirm.
The plaintiff, Thompson Tractor Company, filed its complaint to recover money allegedly due on open account and upon certain equipment rental agreements from the defendants Norman C. Reid, Real Coal, Inc., Southern States Coal, Inc., Poe Coal Company, and R K Coal Company, a partnership. The count of the complaint against Reid was based upon his personal guaranties for the debts of two of the defendant companies. All of the defendants filed motions to dismiss. The motions of Reid and two of the companies, Poe and R K, were overruled. While the remaining motions were pending, and before any answers were filed by the defendants, the plaintiff moved for summary judgment. In support of this motion the plaintiff filed an affidavit of one Dickson, plaintiff's vice-president for finance, and exhibits which Dickson, in his affidavit, vouched for as reflecting the sums owed by Southern States, Real, Poe, R K, and Reid as guarantor or partner. These particular exhibits consisted of invoice dates, invoice numbers, and amounts. Additional exhibits, consisting of copies of guaranties executed by Reid for Southern States' and Real's debts to plaintiff were also attached. An affidavit of Reid in opposition to the motion for summary judgment was filed on the date on which the motion for summary judgment was heard.
Following a hearing on the motion the trial court granted partial summary judgment against Southern States Coal, Inc. (from which no appeal has been taken), against Real Coal, Inc., R K Coal Company, and against Norman Reid. These judgments were made final under Rule 54 (b), ARCP.
The defendants' essential point on their appeals questions the propriety of summary judgments.
To begin with, nothing in the language of Rule 56 restricts the grant of summary judgment before an answer is filed, which was the situation here. Rule 56 (a) grants permission to move for summary judgment ". . . at any time after the expiration of 30 days from the commencement of the action or after service of a motion for summary judgment by the adverse party . . ." No issue is made on the timeliness of the motion, and the record reflects that it was made more than thirty days after the action was filed. As subsection (c) discloses, the pertinent inquiry at any stage at which the motion is made is whether there is a genuine issue of material fact.
Consideration of the pleadings, the Dickson affidavit and the accompanying exhibits discloses that the plaintiff had established a prima facie case against each of these defendants. Dickson himself verified the exhibits as accurately reflecting the sums owed: "I have personally reviewed the books and records of the company with respect to the obligations of the defendants to plaintiff and have caused the attached exhibits to be prepared to reflect the items which comprise each account." This Rule 56 (e) was satisfied, in that the affidavit set forth facts "as would be admissible in evidence" and showed that Dickson was "competent to testify to the matters stated therein." Cf. Jordan v. Rice-Stix Dry Goods Co.,33 Ala. App. 190, 31 So.2d 372 (1947). Contrary to the defendants' insistence, the fact that the plaintiff did not proceed under Code of 1975, § 12-21-111 did not render the itemization inadmissible. That Code section merely creates a rule of evidence and does not preclude a claim on an account from being otherwise proved. Duck Brand Co. v. Douglass,16 Ala. App. 437, 78 So. 635 (1918). That is to say, although the accounts stated may not have been self-proving under the statute cited, nevertheless on motion for summary judgment they could be considered together with Dickson's sworn statement to determine their admissibility. Polytinksy v. Stewart, 158 Ala. 179,48 So. 395 (1909). And see Willingham v. Wesley HardwareCo., 227 Ala. 280, 149 So. 703 (1933). *Page 1251 
In opposition to the plaintiff's motion for summary judgment the defendant Reid filed his own affidavit. The defendants contend on appeal that this affidavit raised genuine issues of fact. On the other hand, the plaintiffs correctly point out that the Reid affidavit itself was not timely filed under Rule 56 (c), ARCP: "The adverse party [Reid] prior to the day of hearing may serve opposing affidavits." However, the record indicates that the trial court, in its discretion, allowed the Reid affidavit to be considered, because during the hearing on the plaintiff's motion the trial court remarked: ". . . and I really do not think your affidavit is sufficient, your counter affidavit." Having allowed the Reid affidavit nevertheless the trial court determined by that statement that it did not set forth "specific facts showing that there is a genuine issue for trial." We agree. Reid's affidavit makes an attack upon the attachments to Dickson's affidavit, not upon the allegations of the plaintiff's complaint. Reid's affidavit simply states that Dickson's exhibits do not accurately reflect any sums owed. Nowhere in Reid's affidavit does he deny the debts. Reid's affidavit does attempt to contravene his own guaranties relied upon by the plaintiff:
 6. At the time of the execution of the guaranties attached to the complaint, representatives of the Plaintiff represented to me that the purpose of the guaranties was only for parts and services and for no other purpose. It was never intended either by myself or by the Plaintiff to my knowledge, that the guaranties were executed for the purpose of guaranteeing rental payments or other obligations.
Those allegations must be viewed against the written guaranties which, it is uncontroverted, Reid himself signed. Those written guaranties, clearly obligating Reid, extend to rental payments or any other obligations. The terms of those guaranties could not be contradicted or modified by Reid's parol testimony at trial in the absence of mistake, fraud or ambiguity. Gunnels v.Jimmerson, Ala., 331 So.2d 247 (1976). Because Reid's affidavit raised no issue of mistake, fraud or ambiguity, it raised no genuine question of fact precluding summary judgment.
Finally, Reid contends that summary judgment should not have been granted because "[I]nformation as to which pieces of equipment the rental charges apply is uniquely within the knowledge of Plaintiff." This argument possesses no merit. Prior to the hearing none of the defendants requested any documentation of the assertions in Dickson's affidavits or of the items listed in the exhibits. Nor did any of them present to the trial court any facts justifying the conclusion that they could not adduce opposing facts. See Rule 56 (f), ARCP. Plainly, the itemization of charges in those exhibits was sufficient for identification purposes had the defendants wished to take issue with the charges.
In the absence of a response setting forth specific facts raising a genuine issue for trial, summary judgment was correctly granted. Rule 56 (a), ARCP. Therefore that judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.