Defendants appeal a grant of summary judgment in favor of Hinton Beef and Provision Company, Inc. (Hinton). We affirm.
In consideration of the forebearance of a lawsuit on a debt owed by them to plaintiff, the defendants signed a promissory note with the plaintiff on May 5, 1981. Later, on December 23, 1981, Hinton filed a complaint against the defendants, Tommy Garrigan, Diane Garrigan and Jasper Steaks, Inc., for $10,549.96 due with interest on that note. The action was brought in the Circuit Court of Walker County. Following a denial of defendants' motion to dismiss, plaintiff moved for summary judgment pursuant to Rule 56, Alabama Rules of Civil Procedure (ARCP). This motion was unopposed by the defendants, and the trial court, based on the pleadings of record and supporting affidavit, granted the motion on March 18, 1982.
Defendants moved to set aside the judgment on April 22, 1982. In a hearing on that motion it was for the first time brought to the trial court's and plaintiff's attention that earlier, on February 3, 1982, the defendant, Jasper Steaks, Inc., had filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. The plaintiff conceded that, because the Bankruptcy Code restrains all creditors from the enforcement of an obligation while a case is pending and voids any judgments entered during the period, Jasper Steaks could not be reached by the March 18 judgment. Notwithstanding this result plaintiff contended the judgment against Diane and Tommy Garrigan was in no way affected. The trial court denied the motion to set aside the judgment and this appeal ensued.
The sole issue presented for review is whether summary judgment was properly entered in favor of the plaintiff.
When a movant makes a motion for summary judgment, he has the burden of showing there is no genuine issue of material fact left in the case. Mims v. Louisville Title Ins. Co.,358 So.2d 1028 (Ala. 1978). Here the plaintiff-movant, by attaching the affidavit of the plaintiff's attorney, met the burden of establishing that there was no genuine issue of fact. The affidavit reads in relevant part:
 "The defendant entered into a Promissory Note with the plaintiff on May 5, 1981, in consideration of the forebearance of a lawsuit on the debt which is the subject matter of this litigation. The said note was executed by each of the defendants in their respective capacities *Page 1093 
and witnessed by the defendants' counsel of record, the Honorable James C. King. The said Promissory Note is attached hereto and made a part hereof as if fully set out herein.
 "That there is not, nor has there ever been any bona fide defenses presented in this cause."
The defendants made no response to the motion.
It is well settled in Alabama that, when a motion for summary judgment is made and the moving party has met its burden, the opposing party may not rest upon the mere allegations or denials of the pleadings. The opposing party must instead set forth sufficient facts showing a genuine issue for trial. E.g.Eason v. Middleton, 398 So.2d 245 (Ala. 1981); Powell v. SouthCentral Bell Telephone Co., 361 So.2d 103 (Ala. 1978); Rule 56 (e), ARCP. Furthermore, the purpose of the motion for summary judgment is to test the sufficiency of the evidence to determine if any real issue exists and the court has no alternative but to consider the evidence uncontroverted where, as here, the opponent fails to contradict the evidence presented by the moving party. Mims, supra. Whatley v. CardinalPest Control, 388 So.2d 529 (Ala. 1980).
Defendants now contend that the order dated March 18, 1982, was ineffective to adjudicate the liability of Jasper Steaks, Inc., and therefore, that it is not a final order and is subject to revision and reconsideration under Rule 54 (b), ARCP. We disagree with that contention and we conclude as did the trial court that Rule 54 (b) is inapplicable under the stipulated facts, because there was in fact a final judgment entered as to all three defendants even though that judgment is unenforceable as to Jasper Steaks, Inc., at this time.
Finally, there was no error in the trial court's refusal to set aside summary judgment in this case. Rule 59 (e) states:
 "A motion to alter, amend, or vacate the judgment shall be filed not later than 30 days after entry of the judgment."
Judgment was entered on March 18, 1982, and the motion to set aside this judgment was filed on April 22, 1982, more than 30 days later.
For the reasons stated, the judgment against Tommy and Diane Garrigan is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.