This is an appeal from summary judgment granted in favor of plaintiff-appellee.
Bay Minette Production Credit Association filed suit on a promissory note executed by Offshore Trawlers, Inc. and appellant on January 30, 1980. The promissory note arose out of these facts: Bay Minette Production Credit Association arranged to make a shrimp boat loan to Offshore Trawlers, Inc. and Thomas C. Adams, III as co-maker. Under the provisions of12 U.S.C. § 2094 (1982), a borrower must own Production Credit Association Class "B" Stock, at value of $5 per share, equal to ten percent of his indebtedness to the Association. Two loans were made to Offshore Trawlers, Inc. and Thomas C. Adams, III. One loan was in the sum of $316,900 for purchase of the shrimp boat and one note in the sum of $35,220 for purchase of stock required by law to be eligible for the boat loan. Both loans defaulted and the United States Department of Commerce paid off the shrimp boat loan and, under 12 U.S.C. § 2094 (k) (1982), the shares in the Association issued to Offshore Trawlers, Inc. and Thomas C. Adams, III were retired at book value, $5 per share, toward liquidation of the note, then suit was filed against appellant for $6,596 plus interest and attorney's fee.
Appellant contends that the trial court committed error in refusing to require plaintiff to add Offshore Trawlers, Inc. as a defendant. Appellant cites Rule 19, Alabama Rules of Civil Procedure, in support of this contention. Rule 19 is inapplicable and this situation is governed by § 6-5-283, Ala. Code (1975), which states: "When two or more persons are jointly bound by judgment, bond, covenant or promise in writing of any description whatsoever, the obligation or promise is in law several as well as joint,. . . ." As this court has stated, the effect of the above statute is to permit the plaintiff to sue one or all joint obligors. Ford Motor Co. v.Tindol, 380 So.2d 904 (Ala.Civ.App. 1980).
Appellant further contends that the trial court erred in granting summary judgment. Appellee-plaintiff filed affidavit of its president, Joe R. Newell, in support of its motion stating the existence of two *Page 151 
loans (one for the shrimp boat and one for the Class B Stock), the default in the loans, payment of the shrimp boat loan by the United States Department of Commerce, the retirement of the stock towards liquidation of the other note and the balance due and unpaid. On the date of hearing on the motion, the appellant filed the counter-affidavit of Ethel M. Adams, Vice-President of Offshore Trawlers, Inc. and wife of appellant. Her affidavit admits that Thomas C. Adams, III "indorsed these notes," and at the time of the loan her husband signed a number of papers and appellee represented to him he would receive and become owner of shares of stock in the Association. The affidavit of Adams also stated that neither Offshore Trawlers, Inc. nor Thomas C. Adams, III ever received any stock, or money, certificate, dividends or voting rights in return for the note sued on. Hence, appellant apparently contends this affidavit raises a genuine issue of a material fact regarding the stock and/or lack of consideration.
The procedure under the Farm Credit Act of 1971, as to Class B Stock is ably stated in Loomis v. Blacklands ProductionCredit Association, 579 S.W.2d 560 (Tex.Civ.App. 1979). Upon the borrower's request, the stock certificates are delivered to him. Without such request, certificates are not delivered, but the stock transfer to the borrower is reflected in plaintiff's books. The borrower may borrow from plaintiff's funds needed for the stock purchase in addition to his advances for farm or ranching operations, or he may purchase the stock with funds from a source other than plaintiff. All that is required is that he own Class B Stock equal in value at $5 per share to ten percent of the total amount of his loan. Class B Stock may not be sold publicly and it does not pay dividends. However, only owners of that stock are eligible to be elected to the plaintiff's Board of Directors or to vote for the Directors, and for that reason many owners retain the stock after their loans are paid.
Under Rule 56, A.R.Civ.P., summary judgment is appropriate only when the moving party has demonstrated by the pleadings, answers to interrogatories, depositions and affidavits, that there is no genuine issue of material fact and that the movant is entitled to the requested relief as a matter of law.Campbell v. Alabama Power Company, 378 So.2d 718 (Ala. 1979). Once the movant supports his motion by affidavit or other testimony, the adverse party may not rest upon the allegations or denials contained in his pleadings; he must respond and show a material issue of fact does exist. Campbell, at 718. In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, the court is left with no alternative but to consider that evidence uncontroverted. Whatley v. Cardinal Pest Control, 388 So.2d 529
(Ala. 1980).
Appellant further contends that in view of § 7-8-314 (b), Ala. Code (1975), a genuine issue of a material fact is created. This code section applies to negotiable instruments, § 7-8-105
(1), Ala. Code (1975), and does not apply to this transaction.
The record shows without contradiction that appellant borrowed from plaintiff all the money used by him for the purchase of his required Class B Stock. It further shows that after he became delinquent appellee redeemed the stock, at par value of $5 per share, and credited that amount to the principal of the appellant's note. The appellant does not negate the requirements of 12 U.S.C. § 2094 (1982), nor does he show any failure of consideration for said note.
There being no material issue of fact presented to the trial court, it was not error to grant summary judgment.
Judgment affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of *Page 152 
1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.