ROBERTSON, Judge. '
This is an appeal from a summary judgment in favor of the plaintiff below, Thistle Construction Co., Inc. (Thistle).
On July 2, 1986, Thistle filed its original complaint against Costa & Head (Atrium), Ltd., Costa & Head (Birmingham One), Ltd., Costa & Head Land Co., Pedro C. Costa, and Nelson H. Head, alleging that they owed Thistle, on a contract and an open account, $5,554.70, plus interest and court costs. Thistle subsequently amended its complaint to add as parties defendant Beverly P. Head, Jr., James R. Forman, Jr., and Thomas L. Howard, Jr. Subsequent motions to'dismiss filed separately by the defendants were overruled.
Thistle filed a motion for summary judgment on September 12, 1988, against Nelson H. Head, Beverly P. Head, Jr., James R. Forman, Jr., and Thomas L. Howard, Jr. (appellants), basing its motion on the complaint and a supporting affidavit of its chairman of the board. The affidavit referenced “Exhibit A” as a contract between the parties executed on May 23, 1985, in favor of Thistle, for which the appellants owed $5,554.70 plus interest. However, the exhibit was not attached to the original affidavit. On November 1, 1988, Thistle filed an amendment to the affidavit, signed by its attorney, supplying a copy of the contract and alleging that “[t]he attached contract was inadvertently omitted from the original filing.”
*1274 Appellants filed a motion to strike certain parts of the original and amended affidavits due to Thistle’s failure to attach a sworn or certified copy of the contract, and alleging that the affiant had no personal knowledge of the relationships of the appellants. Thistle subsequently filed a supplemental affidavit in support of its motion for summary judgment, attaching copies of court opinions in two cases which involved some of the appellants. Appellants again filed a motion to strike.
On March 9, 1989, the trial court heard arguments from counsel on the motion for summary judgment. On March 21, 1989, Thistle filed another amendment to the affidavit, attaching the contract. This amended affidavit was signed by Thistle’s chairman of the board, who signed the original affidavit. Also, on that same date, Thistle filed a second affidavit by its chairman, which clearly indicated how she had knowledge of specific facts stated in the affidavits.
On March 24, 1989, the trial court granted summary judgment in favor of Thistle, specifically noting that, after hearing arguments on the motion, the court allowed additional affidavit proof. Appellants filed a post-trial motion to vacate or set aside the summary judgment. Thistle responded by filing another affidavit from its chairman of the board. After hearing arguments and reviewing supporting affidavits, the trial court denied appellants’ motion. This appeal followed.
The central issue here is the appropriateness of the summary judgment. However, the appellants split the issue into two parts, as follows: (1) Were the requirements of Rule 56(e), Alabama Rules of Civil Procedure, met permitting the trial court to properly enter summary judgment? (2) Did the trial court properly enter summary judgment against appellants for pre-judgment interest?
The law regarding summary judgment is well established. As provided by Rule 56, A.R.Civ.P., summary judgment is proper when the trial court determines that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). The moving party bears the burden of proof. Jones v. Newton, 454 So.2d 1345 (Ala.1984), and Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortgage Co., 390 So.2d 601 (Ala.1980).
A reviewing appellate court must apply the same standard utilized by the trial court when reviewing an entry of summary judgment. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). Additionally, the original complaint in this action was filed prior to the legislature’s abolishing the scintilla rule. Therefore, appellants were only required to produce a scintilla of evidence supporting their position that they were entitled to a trial to prevent summary judgment. Brown v. Gamble, 537 So.2d 476 (Ala.1989).
I
Appellants first contend that Thistle failed to meet the requirements of Rule 56(e) and were not entitled to summary judgment.
Rule 56(e), A.R.Civ.P., specifically requires that supporting affidavits be made on personal knowledge and set forth facts that would be admissible in evidence. Further, the affiant must be competent to testify to the matters set out in the affidavit.
The record reveals that the trial court, in its discretion, allowed and considered Thistle’s affidavits and overruled appellants’ motions to strike. Thistle’s original affidavit, in pertinent part, stated:
“I, E.K. Strauss, Chairman of the Board of Thistle Construction Company, Inc., have under my supervision and control the books and records of Thistle Construction Company, Inc., and am familiar with the account of Costa & Head (Atrium), Ltd., an Alabama Limited Partnership.
“1. That on May 23, 1985, defendants Costa & Head (Atrium), Ltd., executed a contract in favor of Thistle Construction Company, Inc. That the sum of $5,554.70 is due by said contract, plus interest. Attached hereto and made a *1275 part hereof is copy of said contract which is marked as Exhibit ‘A’.”
Although the contract was not attached to the original affidavit as referenced, the trial court, in its discretion, allowed an amended affidavit supplying the contract. The appellants argue that the contract should' not have been allowed because it was not a “sworn or certified paper” under Rule 56(e). The contract was clearly'identified and incorporated in the sworn affidavit by one who had personal knowledge of its contents and authenticity. Clearly, Rule 56(e) was satisfied in that the affidavit set forth facts as would be admissible in evidence and showed that Strauss was competent to testify to those facts. Real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249 (Ala.1980).
It is the purpose of a motion ’ for summary judgment to test the sufficiency of the évidence to determine if any real issue exists. Garrigan v. Hinton Beef & Provision Co., 425 So.2d 1091 (Ala.1983).
'“Once the movant [for summary judgment] supports his motion by affidavit or other testimony, the adverse party may not rest upon the allegations or denials contained in his pleadings; he must respond and show a material issue of fact does exist. In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, the court is left with no alternative but to consider that evidence uncontro-verted.” ... • ■ ;
Adams v. Bay Minette Production Credit Association, 450 So.2d 149, 151 (Ala.Civ.App.1984). (citations omitted.)
Our review of the record reveals that the appellants’ only responses to the entire case were motions to strike Thistle’s affidavits. The appellants failed to offer, at any time, any evidence showing that theré was a genuine issue for trial. The appellants also did not offer any evidence denying the allegations in the complaint and the facts as stated in the affidavits. The record is totally void of any evidence submitted by appellants denying the facts in the complaint and affidavits for the liability or the amount of damages claimed. In view of the sworn affidavits and in the absence of any contradictory evidence, summary judgment was proper. Adams, supra; Garrigan, supra; and Real Coal, supra.
II
The appellants next argue that the trial court erred in its award of interest because, they argue, there was no evidence supporting that amount.
Alabama law is that:
“[A] trial court pursuant to Rule 56 may properly consider any material that would be admissible at trial and all evidence of record as well as material sub'mitted in support of or in opposition to the motion when ruling on a motion for summary judgment. Fountain v. Phillips, Ala., 404 So.2d 614 (1981).” (emphasis supplied)
Kutack v. Winn-Dixie Louisiana, Inc., 411 So.2d 137, 139 (Ala.1982).
Here, the record, along with materials submitted in support of the motion for summary judgment, provided the trial court sufficient facts to determine both the principal and interest amounts due. Additionally; appellants failed to offer any evidence to contradict that presented by the moving party, leaving the trial court with no alternative but to consider the evidence uncontroverted. Adams, supra.
For the reasons stated, the judgment is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J.,' concur.