RUSSELL, Judge.
This is an appeal from a summary judgment.
On July 30, 1986, Mayer Electric Supply Company (appellee) filed its complaint in the Circuit Court of Jefferson County against Costa & Head Development Company and Nelson H. Head (appellants) and four other parties, seeking the recovery of monies owed by contract, as well as the recovery of interest and an attorney’s fee. No answers, denials, or defenses were filed on behalf of any defendant, including the appellants.
The appellee moved for summary judgment based on its complaint and the affidavits of both its credit manager and its *1324 attorney. An amended affidavit was filed prior to a hearing on this motion and on the appellants’ motion to strike the affidavits pursuant to Rule 56(e), Alabama Rules of Civil Procedure.
After a hearing the trial court reserved ruling, pending the submission of additional affidavits. Subsequently, the appellee filed a second amended affidavit of its credit manager. On March 24, 1989, the trial court granted the appellee’s motion for summary judgment against the appellants in the amount of $4,770.78, plus $2,361.53 in interest, and an attorney’s fee of $2,377.43. A final affidavit of the appel-lee’s credit manager was filed and accepted by the trial court on May 15, 1989, based on the earlier representation of the appel-lee’s attorney that he would file additional support for the calculation of interest awarded by the trial court. This appeal followed. We affirm the trial court’s judgment.
Rule 56 provides that summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). Additionally, the moving party bears the burden of proof. Jones v. Newton, 454 So.2d 1345 (Ala.1984). In reviewing a trial court’s grant of a summary judgment, this court must apply the same standard as utilized by the court below. Southern Guaranty Insurance Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989).
The appellants first assert that the requirements of Rule 56(e) were not met and that, therefore, a grant of summary judgment in favor of the appellee was improper. That rule mandates that supporting affidavits be made on the personal knowledge of the affiant and set forth facts that would be admissible in evidence. Furthermore, the affiant must be competent to testify to the matters set out in the affidavit.
Each affidavit by the appellee’s credit manager expressly stated that the affiant had personal knowledge of the facts set forth; identified the affiant as the credit manager of the appellee, who had under her supervision and control the appellee’s books and business records; and stated that the affiant was familiar with the appellants’ account. Consequently, we find that such matters were clearly within the affiant’s personal knowledge.
As regards the amount owed by the appellants to the appellee, each of the credit manager’s affidavits referenced the disputed contract, identifying it as Exhibit “A”. The contract, however, was not attached to the first two affidavits, but was attached to the third affidavit, which was filed subsequent to the appellants’ motion to strike and in response to the court’s request for additional affidavit proof. The contract was again submitted in conjunction with the appellee’s final affidavit.
The appellants assert that the contract should not have been admitted because it was not a “sworn or certified paper” as required by Rule 56(e). We find, however, that the requirements of that rule were clearly met. Each affidavit identified the contract and attested that the affiant had personal knowledge of both the contents and authenticity of the contract. Furthermore, the facts asserted in those affidavits were admissible evidence and demonstrated the competence of the affiant to testify as to those facts. Real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249 (Ala.1980).
The appellants next assert that the trial court erred in awarding the appellee both interest and an attorney’s fee because there was insufficient evidence to support those amounts. With regard to the award of interest, no evidence was offered by the appellants refuting the appellee’s computations, and no objection was voiced as to the amount derived. Thus, the trial court was authorized to regard this amount as uncon-troverted and to incorporate it into its judgment. Adams v. Bay Minette Production Credit Association, 450 So.2d 149 (Ala.Civ.App.1984). Consequently, we find no error with respect to this award.
In support of its claim for a reasonable attorney’s fee, the appellee submitted *1325 two affidavits by its attorney, each stating that he was the attorney of record for the appellee, that the disputed contract contained a provision for an award of attorney’s fees, and that $2,377.43 was a reasonable award based on the services rendered. We recognize that an award of attorney fees is a matter within the sound discretion of the trial court, and absent an abuse of that discretion, the award should be affirmed. Coastal Realty & Mortgage, Inc. v. First Alabama Bank, N.A., 424 So.2d 1315 (Ala.Civ.App.1982). Furthermore, because this amount was not objected to by the appellants or refuted by affidavit proof, the trial court’s treatment of this amount as being uncontroverted was proper.
The appellants’ apparent failure to offer any evidence contradictory to that presented by the appellee resulted in the trial court’s having no alternative other than to regard this evidence as uncontroverted. Adams, 450 So.2d 149. Such uncontrovert-ed evidence was sufficient to establish both the appellants’ liability and the amount of the appellee’s damages. Consequently, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.