We granted the defendant's petition for a writ of certiorari in order to address their contention that the Court of Civil Appeals' decision affirming the plaintiff's summary judgment conflicts with prior decisions of this Court. After a careful study of the record and of the arguments of the parties, we hold that the Court of Civil Appeals erred in affirming the judgment of the trial court; therefore, we reverse and remand.
Thistle Construction Company, Inc. ("Thistle"), sued Costa 
Head (Atrium), Ltd., Costa Head (Birmingham One), Ltd., Costa Head Land Company, Pedro C. Costa, and Nelson H. Head for $5,574.70 owed on a contract and on an open account. By subsequent amendment, Thistle added as parties defendant Beverly P. Head, Jr., James R. Forman, Jr., and Thomas L. Howard, Jr. Thistle moved for summary judgment against individual defendants Nelson Head, Beverly Head, Forman, and Howard, and based the motion on the complaint and on the affidavit of its board chairman, E.K. Strauss.[1]
Strauss's original affidavit referenced an "Exhibit 'A' " — a contract between the parties; however, the contract was not attached to the affidavit. Thistle later filed Strauss's amended affidavit, signed by Thistle's lawyer, which stated that the contract had been "inadvertently omitted" from the original affidavit. A copy of the contract was attached to the amended affidavit.
The defendants moved to strike portions of the two affidavits, alleging (1) that the contract, referred to as the basis for the complaint, was not attached to the original affidavit as required by A.R.Civ.P. Rule 56(e); (2) that a paragraph in the original affidavit regarding the relationships among the defendants was not made upon the personal knowledge of the affiant, but was made upon her "best information and belief," did not set forth facts that would be admissible in evidence, and did not affirmatively show that the affiant was competent to testify to the matters contained in that paragraph, contrary to the requirements of Rule 56(e); and (3) that the contract supplied by the later "amended affidavit" was not sworn to or certified as required by Rule 56(e).
In response to the defendants' motion to strike, Thistle filed another supplemental affidavit, which contained, as attachments in support of Strauss's assertions regarding the relationships among the defendants, copies of two previous appellate court decisions involving some of these parties. The defendants again moved to strike, again asserting a failure to comply with the requirements of Rule 56(e).
Thistle filed another supplemental affidavit, signed by Strauss and accompanied by another copy of the contract. At the same time, Thistle filed a second affidavit of Strauss, in which she indicated how she had knowledge of the specific facts she had testified to in her previous affidavit and amendments:
 "I have examined the records of the Probate Court of Jefferson County, Alabama, for the purpose of determining the legal relationship of the parties in [this] case as the relationship is disclosed in those records."
The opinion of the Court of Civil Appeals, in describing the next phase of the proceedings below, reads:
 "On March 24, 1989, the trial court granted summary judgment in favor of Thistle, specifically noting that, after hearing arguments on the motion, the court allowed additional affidavit proof. [The defendants] filed a post-trial motion to vacate or set aside the summary judgment. Thistle responded by filing another *Page 1278 
affidavit from its chairman of the board. After hearing arguments and reviewing supporting affidavits, the trial court denied [the defendants'] motion [to strike]. This appeal followed."
The Court of Civil Appeals affirmed the summary judgment in favor of Thistle, and we granted the defendants' petition for the writ of certiorari in order to address the alleged impropriety of summary judgment for Thistle based on the affidavits submitted in support of Thistle's motion for summary judgment.
The portion of the Court of Civil Appeals' opinion with which we are here concerned reads:
 "Although the contract was not attached to the original affidavit as referenced, the trial court, in its discretion, allowed an amended affidavit supplying the contract. The [defendants] argue that the contract should not have been allowed because it was not a 'sworn or certified paper' under Rule 56(e). The contract was clearly identified and incorporated in the sworn affidavit by one who had personal knowledge of its contents and authenticity. Clearly, Rule 56(e) was satisfied in that the affidavit set forth facts as would be admissible in evidence and showed that Strauss was competent to testify to those facts. Real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249 (Ala. 1980).
 "It is the purpose of a motion for summary judgment to test the sufficiency of the evidence to determine if any real issue exists. Garrigan v. Hinton Beef Provision Co., 425 So.2d 1091 (Ala. 1983).
 " 'Once the movant [for summary judgment] supports his motion by affidavit or other testimony, the adverse party may not rest upon the allegations or denials contained in his pleadings; he must respond and show a material issue of fact does exist. In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, the court is left with no alternative but to consider that evidence uncontroverted. [Citations omitted.]'
 "Adams v. Bay Minette Production Credit Association, 450 So.2d 149, 151 (Ala.Civ.App. 1984). (Citations omitted.)
 "Our review of the record reveals that the [defendants'] only responses to the entire case were motions to strike Thistle's affidavits. The [defendants] failed to offer, at any time, any evidence showing that there was a genuine issue for trial. The [defendants] also did not offer any evidence denying the allegations in the complaint and the facts as stated in the affidavits. The record is totally void of any evidence submitted by [the defendants] denying the facts in the complaint and affidavits for the liability or the amount of damages claimed. In view of the sworn affidavits and in the absence of any contradictory evidence, summary judgment was proper. Adams, supra; Garrigan, supra; and Real Coal, supra."
Head v. Thistle Construction Co., 572 So.2d 1273
(Ala.Civ.App. 1989).
The significance of the defendants' argument is best understood by first noting Thistle's argument in support of the judgments of the trial court and the Court of Civil Appeals: The defendants did not, at any time, offer any affirmative statement of fact to negate the assertions made by Thistle in its motion for summary judgment and to show the existence of a triable issue of fact; therefore, Thistle says, its summary judgment was proper. Thus, if we hold that the totality of the affidavits and attachments submitted by Thistle in support of its motion for summary judgment effected a compliance with Rule 56(e), and if the substance of such compliance entitles the movant to a judgment as a matter of law, then, concomitantly, we must also hold that Thistle's assertions put upon the defendants the burden of proving the existence of a material issue of fact and that Thistle's assertions, uncontradicted by *Page 1279 
the defendants, must be taken as true. See Garrigan v. HintonBeef Provision Co., 425 So.2d 1091 (Ala. 1983).
If, however, the defendants are correct in their argument that the documents offered by Thistle in support of its motion for summary judgment did not comply with the requirements of Rule 56(e), or, in the alternative, if they did comply but such compliance did not entitle Thistle to a judgment as a matter of law, then we must hold that the trial court erred in entering the summary judgment based on these documents.
Rule 56(e) provides:
 "(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
The disposition of the issues presented by this petition is best accomplished by analyzing the pertinent requirements for a valid affidavit in support of or in opposition to a motion for summary judgment in the context of the facts presented by this case.
 I. ". . . made on personal knowledge . . ."
Rule 56(e) "plainly requires (the word 'shall' being mandatory) that an affidavit state matters personallyknown to the affiant." Jameson v. Jameson, 176 F.2d 58, 60
(D.C. Cir. 1949). See, also, Wright, Miller, and Kane, FederalPractice Procedure: Civil 2d § 2738, p. 467 (1983).
The defendants argue that because, in her first affidavit, Strauss prefaced her statements regarding the relationships among the defendants with the words "It is my best information and belief," this evidence was not based upon personal knowledge and did not comply with Rule 56(e). This Court has consistently held that a conclusory statement based upon the affiant's "information and belief," does not comply with Rule 56(e)'s requirement of "personal knowledge." See, e.g.,Black v. Reynolds, 528 So.2d 848 (Ala. 1988); and Autry v. BlueCross Blue Shield of Alabama, 481 So.2d 345 (Ala. 1985).
 "In Moore's Federal Practice, we find the following language regarding affidavits in support of, or in opposition to, summary judgment:
 " 'Affidavits containing statements made merely "on information and belief" will be disregarded. Hearsay testimony and opinion testimony that would not be admissible if testified to at trial may not properly be set forth in an affidavit. The affidavit is no place for ultimate facts and conclusions of law, nor for argument of the party's cause. . . .'
 "6 J. Moore J. Wicker, Moore's Federal Practice, Paragraph 56.22[1] at 561312 through 56-1317 (2d ed. 1982) (footnotes omitted). See, also, Day v. Merchants National Bank of Mobile, 431 So.2d 1254
(Ala. 1983)."
Osborn v. Johns, 468 So.2d 103 (Ala. 1985).
In a subsequent amendment to her affidavit, however, Strauss stated that she had personally reviewed the records of the probate court. She then described the relationships among the defendants according to what she said was her personal knowledge obtained from a study of the probate *Page 1280 
court records, thus purporting to remove the defect in her affidavit testimony regarding the defendants' relationships.
II. ". . . shall set forth such facts aswould be admissible in evidence . . ."
The defendants maintain that, in addition to violating the "personal knowledge" requirement, Strauss's testimony regarding the defendants' relationships was not admissible because certified copies of the probate records referenced were not attached to the amended affidavit. Further, say the defendants, Thistle's complaint (including its demand for damages) was based upon a contract executed by the defendants, but, they point out, there was no certified or sworn copy of the contract attached to Strauss's affidavit in support of Thistle's claims based on the contract.
As observed earlier, the requirements of Rule 56(e) are mandatory. Jameson v. Jameson, supra; and Oliver v. Brock,342 So.2d 1 (Ala. 1976). Further, when an affiant makes statements such as those made by Strauss and by Thistle's lawyer, those assertions must be supported by "admissible evidence, such as actual documents or affidavits of witnesses. Hearsay cannot create an issue of fact." Black v. Reynolds, supra,528 So.2d at 849.
 "In determining admissibility under Rule 56(e), the same standards apply as at trial. [Citations omitted.] Thus, in ruling upon summary judgment motions, courts refuse to consider hearsay; unauthenticated documents; inadmissible expert testimony; documents without a proper foundation; parol evidence; and even evidence barred by the dead man's rule. [Citations omitted.]"
Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125,1139 (E.D.Pa. 1980), modified, 723 F.2d 238 (3d Cir. 1983).
Thistle attempted to remedy the absence of a copy of the contract from Strauss's first affidavit by having its lawyer file an amendment that explained the inadvertence in omitting the contract and that supplied the trial court with a copy of the contract. This copy, say the defendants, was neither certified nor sworn to. Furthermore, they say, the amendment containing Strauss's testimony, supposedly based on personal knowledge gained from records of the probate court was not supported by a copy of those records, certified or otherwise.
The Court of Civil Appeals, in addressing the defendants' allegations that these deficiencies rendered the affidavits void under Rule 56(e), relied on the case of Real Coal, Inc. v.Thompson Tractor Co., 379 So.2d 1249 (Ala. 1980). In that case, the plaintiff sued to recover money owed on open account and on equipment rental agreements. The plaintiff's motion for summary judgment was supported by the affidavit of its vice president for finance. In his affidavit, the vice president referred to certain exhibits (invoice dates, invoice numbers, invoice amounts, and copies of guaranties executed by one of the individual defendants for the corporate defendants' debts) and then "vouched for" these documents as reflecting the sums owed by the defendants. The Real Coal Court held:
 "[The vice president] himself verified the exhibits as accurately reflecting the sums owed: 'I have personally reviewed the books and records of the company with respect to the obligations of the defendants to the plaintiff and have caused the attached exhibits to be prepared to reflect the items which comprise each account.' Rule 56(e) was satisfied, in that the affidavit set forth facts 'as would be admissible in evidence' and showed that [the vice president] was 'competent to testify to the matters stated therein.' "
Real Coal, supra, at 379 So.2d 1250.
The Real Coal Court went on to hold that although the exhibits in support of the vice president's affidavit were not of the "self proving" type (see, e.g., Ala. Code 1975, §12-21-111), "nevertheless, on motion for summary judgment they could be *Page 1281 
considered together with [the vice president's] sworn statement to determine their admissibility." Id.
Strauss's affidavit statements regarding the contract upon which Thistle's action is based are similar to those of the vice president in Real Coal:
 "I, E.K. Strauss, Chairman of the Board of Thistle Construction Company, Inc., have under my supervision and control the books and records of Thistle Construction Company, Inc., and I am familiar with the account of Costa Head (Atrium), Ltd., an Alabama Limited Partnership.
 "1. That on May 23, 1985, defendant Costa Head (Atrium), Ltd., executed a contract in favor of Thistle Construction Company, Inc. That the sum of $5,574.70 is due by said contract, plus interest. Attached hereto and made a part hereof is a copy of said contract which is marked as Exhibit 'A'."
Applying the holding in Real Coal to these facts, we hold that the later-supplied copy of the contract between Thistle and Costa Head (Atrium), Ltd., considered with Strauss's affidavit testimony, was admissible evidence in support of Thistle's motion for summary judgment, as required by Rule 56(e).
However, Strauss's testimony regarding the relationships among the defendants, purportedly made "from personal knowledge" gained from the records of the probate court, does not comply with the requirements of Rule 56(e) and, therefore, is inadmissible in support of Thistle's motion for summary judgment. Despite Rule 56(e)'s mandate that affidavit testimony "set forth such facts as would be admissible in evidence," no copies of the probate records from which Strauss gained her "personal knowledge" were provided with Strauss's affidavit in support of her allegations regarding the defendants. The total absence of copies of the probate records referred to by Strauss rendered inadmissible her statements based on these documents.Osborn v. Johns, supra.
III. "The court may permit affidavits to besupplemented or opposed by depositions, answersto interrogatories, or further affidavits." (Rule56(e).)
This is the only provision in Rule 56(e) that allows the trial court to exercise discretion in considering affidavit testimony in support of or in opposition to a motion for summary judgment.
 "Summary judgment is an excellent device by which [trial] courts may make expedited dispositions of those cases in which a trial would be fruitless. When summary judgment is inappropriate because the supporting or opposing materials are improper, the [trial] court has ample discretion to call upon the parties to remedy the defects by submitting supplemental affidavits or otherwise."
Gordon v. Watson, 622 F.2d 120 (5th Cir. 1980).
Applying this provision of Rule 56(e) to the facts of the instant case, we observe that the trial court, exercising its discretion, correctly allowed Thistle to file an amended affidavit in order to supply the trial court with a copy of the contract upon which Thistle's lawsuit was based. Therefore, the Court of Civil Appeals correctly held that this exercise of discretion by the trial court was allowed by the provisions (and encouraged by the spirit) of Rule 56(e).
At this point, a review of Thistle's burden of proof is in order. The original complaint alleged a cause of action against the partnership entities, Costa Head (Atrium), Ltd., and Costa Head (Birmingham One), Ltd. The contract between Thistle and Costa Head (Atrium), Ltd., was admitted into evidence by the trial court as an attachment to the amended affidavit and now stands as uncontradicted proof of the partnership's liability for the debt owed Thistle.
Thistle's burden of proof with regard to the individual defendants' liability for the debt is another matter. Strauss *Page 1282 
attempted to meet the requirements of Rule 56(e) by testifying from "personal knowledge" regarding the individual defendants' relationships with the partnership defendants. Strauss's conclusory statements, however, would not have been admissible at trial for the purpose of proving the individual defendants' liability for the debt. The problem is not one of whether the trial court erred in permitting the filing of the supplemental affidavits; rather, the problem is whether the substance of those affidavits and their attachments is proof that Thistle is entitled to judgment against the individual defendants as a matter of law.
Indeed, if this case had gone to trial, and if Thistle had rested its case after Strauss's testifying regarding her "personal knowledge" of the probate court records, the individual defendants would have been entitled to a directed verdict. If the testimony in question was insufficient to withstand a motion for directed verdict, it is certainly insufficient to put on the individual defendants the burden to offer contradictory evidence in opposition to the plaintiff's motion for summary judgment.
In the final paragraph of Part I of its opinion, the Court of Civil Appeals found that the defendants had failed to offer evidence "showing that there was a genuine issue [of fact] for trial," and held that "[i]n view of the sworn affidavits and in the absence of any contradictory evidence, summary judgment was proper." 572 So.2d at 1275. However, because Strauss's affidavit regarding the relationships of the individual defendants to the partnership defendants was improperly allowed, and because the defendants filed motions to strike each of Thistle's proffered affidavits as they were filed, the defendants were not required to rebut the assertions made by Thistle's motion for summary judgment.
 "The burden is on one moving for summary judgment to demonstrate that no genuine issue of *material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. [Citations omitted.]"
Schoen v. Gulledge, 481 So.2d 1094, 1096 (Ala. 1985).
Thistle did not prove the absence of a genuine issue of material fact regarding its allegations of liability on the part of the individual defendants; thus, the defendants never had the burden of proving the existence of such an issue. While the trial court did not err in allowing the subsequently filed affidavits, it did err in entering summary judgment for Thistle, because those affidavits did not contain admissible evidence that, if uncontradicted, would entitle Thistle to a judgment as a matter of law. The defendants properly filed their motions to strike the affidavits as containing inadmissible evidence.[2] Therefore, the judgment of the Court of Civil Appeals affirming the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] Strauss, in the concluding sentence of her original affidavit, stated: "This affidavit is being furnished for the purpose of obtaining a judgment against the named defendants Pedro C. Costa, Nelson H. Head, Beverly P. Head, Jr., James R. Forman, Jr., and Thomas L. Howard, Jr." At the time Thistle filed its motion for summary judgment, the Costa Head companies were in bankruptcy.
[2] We note that the issues raised in this case are distinguishable from the issues resolved by the recent case ofBreen v. Baldwin County Federal Savings Bank, 567 So.2d 1329
(Ala. 1990), and the case of Schroeder v. Vellianitis,570 So.2d 1220 (Ala. 1990), released this date. In those cases, the threshold question was whether affidavit testimony could be considered in the absence of an objection to, or motion tostrike, the affidavit testimony. We need not address that question in this case, because each affidavit filed by Thistle was countered by the defendants with a motion to strike. See, also, Perry v. Mobile County, 533 So.2d 602 (Ala. 1988). *Page 1283