MONROE, Judge.
This is an appeal from a summary judgment entered in favor of Devcon International Corporation (Devcon) on James Austin Haire’s claim for benefits under the Alabama Workmen’s Compensation Act.[1]
Haire is a 60 year old resident of Cross-ville, DeKalb County, Alabama. He has worked on dredges for approximately 20 years. He worked for Devcon in Alabama between 1976 and 1979. In September 1987, while at his home in Crossville, Haire telephoned Devcon’s main office in Florida about getting a job. A few weeks later, a Devcon representative called Haire’s home in Alabama and offered him a job in Antigua, West Indies, working on a dredging operation as a “lever man.” During this telephone conversation, Haire and Devcon agreed on his salary, hours, and other particulars of employment. Haire accepted the job and was told a prepaid ticket to Antigua would be provided for him. On October 4, 1987, Haire flew to Antigua to begin work. He completed a job application and other paperwork in Antigua. Haire was furnished a condominium in which to live during the Antigua project. He traveled home to Alabama four times a year and at Christmas for several days of vacation. Haire was promoted to captain of the dredge during his employment. He spent 50% of his *777 time working on shore and the other 50% working aboard the dredge.
Devcon’s Antigua operation included a 130 by 50 foot deck barge equipped with dredging equipment, another barge with a crane, and two tug boats which ferried workers to and from the barges and moved the dredge from one spot to another.
On July 28, 1991, Haire was injured in Antigua, West Indies. He was on land checking the drainage, and he slipped and fell while exiting a muddy bulldozer. Haire was seen by a doctor and was immediately flown home to Alabama. He sustained severe injuries to his left arm and back. He had two fractures to his left arm, requiring three surgeries. He suffered a compression fracture to the L-2 vertebrae that left him permanently impaired.
Haire received $480.00 per week as compensation; that is about 57% of his normal weekly work-pay of $840.00. Devcon discontinued those payments on September 11, 1992.
On November 23, 1992, Haire filed his original workmen’s compensation complaint against Devcon International Corporation. He amended his complaint to claim damages under the Jones Act, 46 U.S.C.AApp. § 688, on December 23, 1992. The case was originally filed in the Etowah County Circuit Court; it was transferred to the DeKalb County Circuit Court on January 27, 1994. On May 25, 1994, the trial court granted Devcon’s motion to dismiss Haire’s Jones Act claim, and denied its motion to dismiss his workmen’s compensation claim. On July 19, 1994, Haire filed a notice to proceed under Alabama’s Workmen’s Compensation Act. Devcon filed a motion for summary judgment.
The trial court granted Devcon’s motion for summary judgment, holding that Haire was a “seaman” as a matter of law and that the Jones Act, 46 U.S.C.A.App. § 688 (1982), was his exclusive remedy. Haire appeals.
Haire contends that the trial court erred in holding he was a seaman and in concluding that the Jones Act was his exclusive remedy. He argues that the trial court based the summary judgment on a conclusion that the court had no in personam jurisdiction over Devcon, and he argues that that conclusion was erroneous.
In reviewing a summary judgment, we consider “the same factors considered by the trial court in initially ruling on the motion for summary judgment.” Havens v. Trawick, 564 So.2d 917, 919 (Ala.1990). In essence, we determine whether there exists a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Costa & Head Dev. Co. v. Mayer Elec. Supply Co., 562 So.2d 1323 (Ala.Civ.App.1989).
We first must consider whether a genuine issue of fact exists as whether Haire was a seaman. The term “seaman” under the Jones Act has been liberally and broadly construed. Offshore Co. v. Robison, 266 F.2d 769 (5th Cir.1959); Allen v. Mobile Interstate Piledrivers, 475 So.2d 530 (Ala.1985). An employee qualifies as a seaman under the Jones Act
“(1) if there is evidence that the injured worker was assigned permanently to the vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips.”
Allen v. Mobile Interstate Piledrivers, 475 So.2d at 533, quoting Offshore Co. v. Robison, 266 F.2d at 769.
The record reveals no genuine issue of material fact as to whether Haire would qualify as a seaman. He was permanently assigned to a dredge. While the dredge contained no living quarters, galley, or propulsion, it was located in navigable waters, and Haire was required to work on the dredge both during its use and its movement. He spent equal time on the dredge and on land. His work both on the land and on the dredge contributed to the purpose of the dredge in *778 widening the canal. He was promoted to captain of the dredge. While he was injured on land when he slipped from a bulldozer, this fact does not detract from the conclusion that he was a seaman. It is not the site of the accident but the nature of the employment that is determinative. See Apperson v. Universal Services, Inc., 158 So.2d 81 (La.App.1963). Therefore, we agree with the trial court’s holding that Haire is a seaman as a matter of law.
We note that the next issue is one of first impression in Alabama — whether Haire is excluded from Alabama workmen’s compensation benefits if he qualifies as a seaman under the Jones Act. The Jones Act states, in pertinent part:
“Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply....”
46 U.S.C.A.App. § 688 (1982). The Jones Act is a fault-based form of tort recovery for injured seamen. Maryland Casualty Co. v. Toups, 172 F.2d 542 (5th Cir.1949), cert. den’d 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1119 (1949).
Stated another way, did Congress intend to preempt state compensation remedies by enacting the Jones Act? As a general rule, we would agree that it did, and the courts have so held. See Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686 (1930) (state-created wrongful death statutes were inapplicable where the Jones Act applied); Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834 (1920); Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917); see generally Jacobson v. Duluth, Missabe & Iron Range Ry. Co., 458 N.W.2d 107 (Minn.1990); Apperson v. Universal Services, Inc., 153 So.2d 81 (La.App.1963).
However, the United States Supreme Court created the “twilight zone” exception to avoid the harsh result caused by precluding recovery under state compensation acts based on exclusive jurisdiction. Davis v. Department of Labor & Industries of Washington, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942). The “twilight zone” exception recognized an overlap in jurisdiction between state and federal courts where harbor workers could recover under or the state workmen’s compensation statute or the federal Longshoremen and Harbor Workmen’s Act. Id. In Maryland Casualty Co. v. Toups, 172 F.2d 542 (5th Cir.1949), cert. den’d 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1119 (1949), the “twilight zone” exception was extended to cases that could involve either the Jones Act either the state workmen’s compensation acts.
In Maryland Casualty Co., the employee was the captain of the employer’s crew. He qualified as a seaman. He was killed in an “inland” accident when he fell from the dock and drowned while making repairs to the employer’s boat. The Fifth Circuit affirmed the trial court’s judgment allowing the widow to recover under the state compensation statute. The employer contended on appeal that the trial court lacked jurisdiction “of the case under the Workmen’s Compensation Law ... because [the deceased seaman’s] employment, work, and the place of death were maritime and not subject to the laws of the State.” Maryland Casualty Co. v. Toups, 172 F.2d at 545. The Fifth Circuit Court of Appeals noted that the jurisdiction question “has long been enshrouded by a fog of confusion.” Id. In reaching its conclusion, the appellate court noted that in matters of mere local concern or in which a local rule determines the rights and liabilities between the parties, the issue becomes whether applying the local rule would “necessarily work a material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations.” Id. at 546, quoting Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321 (1922); See Davis, supra; Millers’ Indemnity Underwriters v. Brand, 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470 (1926) (allowing state compensation where maritime diver drowned in navigable waters); Jensen, supra. In Maryland Casualty Co., the court *779 found no derogation of general maritime law and its harmony or uniformity within interstate and international relations by allowing a recovery under the state compensation system. The court noted that, absent negligence, the employer could not be held liable under the Jones Act. The Maryland Casualty Co. court found no evidence of negligence on the part of the employer. Maryland Casualty Co. v. Toups, 172 F.2d 542 (5th Cir.1949), cert. den’d 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1119 (1949).
Allowing recovery under the Alabama Workmen’s Compensation Act would not disrupt the uniformity and harmony required in maritime law in both its interstate and international relations. Haire is a seaman. The accident occurred in the course of Haire’s employment, and in furtherance of the dredge’s mission. Here, as in Maryland Casualty Co., there appears to have been no negligence on the part of the employer. Haire admits in his deposition that the mud caused him to slip off the bulldozer, and that the mud created a “condition that can’t be helped. As far as I know, it can’t be helped.” Because the Jones Act is a fault-based system for tort recovery, Haire would have no remedy under it. We hold that the Jones Act was not Haire’s exclusive remedy. He should be allowed to proceed under the Alabama Workmen’s Compensation Act.
Therefore, we reverse the summary judgment and remand this cause for the learned trial Judge to proceed with Haire’s Workmen’s Compensation claim. He is precluded from a double recovery by this ruling. All sums previously paid Haire are to be set off against any benefits he is awarded under the Alabama Workmen’s Compensation Act. See Allen v. Mobile Interstate Piledrivers, 475 So.2d 530, 538 (Ala.1985).
The last issue raised by Haire is premised upon his contentions that the trial court based the summary judgment on a finding that it had no in personam jurisdiction over Devcon. The trial court’s summary judgment does not appear to be based upon a finding of a lack of in personam jurisdiction. However, we agree with Haire that if the contract for hire was consummated in Alabama, then the court would have in personam jurisdiction to adjudicate the workmen’s compensation claim pursuant to Alabama Code § 25 — 5—35(d)(4) (1975).
Although the trial court correctly held that Haire was a seaman, it erred in holding that the Jones Act was Haire’s exclusive remedy. Therefore, the judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.

. Section 52 of Act No. 92-537, Alabama Acts 1992, stated that the “term 'Alabama Workmen's Compensation Law,' shall henceforth be known as The Alabama Worker’s Compensation Law.” Based on the date of the accident, this case is controlled by the prior Alabama Workmen's Compensation Act. Therefore, we shall use the previous term.