Lucile B. Reynolds brought this action against Robin D. Black to enforce a promissory note payable to her and assumed by Black in connection with the purchase of a business formerly owned by Mrs. Reynolds. Black alleged that the note was procured by fraud and was therefore not enforceable. The trial court entered summary judgment in favor of Reynolds.
The issue is whether the affidavit presented by Black in opposition to Reynolds's motion for summary judgment is sufficient to raise a genuine issue of material fact. Rule 56(c), Ala.R.Civ.P.
Reynolds owned a business known as Parkway Service Store, located on Dauphin Island Parkway in Mobile County, Alabama. On February 17, 1983, she sold the business to Roy Herby Chestang in consideration of a promissory note and a security agreement executed by Chestang. The promissory note was subsequently modified by instruments dated February 4, 1984, and November 4, 1984.
On November 29, 1984, Black agreed to purchase the Parkway Service Store from Chestang. The agreement signed by Chestang and Black provided that Black would assume and become personally liable for the debt to Reynolds. Reynolds executed a "written approval of sale of assets and release" approving the sale and releasing Chestang from all obligations on the note and the security agreement. This litigation resulted when Black defaulted on the note.
Black contends that summary judgment was improper because allegations of fraud in his answer and affidavit were sufficient to raise a genuine issue of material fact. *Page 849 
He further claims that Reynolds's alleged participation in the fraud perpetrated against him prevents his contract with Chestang from operating as a novation and making him liable to Reynolds.
Reynolds contends that Black's affidavit in opposition to the motion for summary judgment is insufficient to satisfy the requirements of Rule 56, which requires the nonmovant to bring forth admissible evidence showing that there is a genuine issue of material fact. Reynolds also contends that Black's affidavit was not based on matters within his personal knowledge, as required by Rule 56.
Black's affidavit states in pertinent part:
 "Subsequent to November 29, 1984, I was informed that the profit and loss statements presented to me for the time during which Roy H. Chestang operated Parkway Service Store had been falsified. These statements reflected that this business had operated at a considerable profit and were the basis for my decision to purchase the business. Lucile B. Reynolds and/or her agent, Robert H. Rouse, were aware of and participated in this fraudulent conduct, since they apparently gave Roy H. Chestang their approval to sell the business to me knowing that it did not in fact operate at a profit.
 "It later came to my attention that Lucile B. Reynolds had modified her Promissory Note with Roy H. Chestang on several occasions because of the financial difficulty experienced by Roy H. Chestang in operating Parkway Service Store. Lucile B. Reynolds and/or her agent, Robert H. Rouse, failed to disclose this information to me. When combined with the obvious falsity of the financial statements presented to me, which falsity Lucile B. Reynolds and/or her agent knew or should have known of, Lucile B. Reynolds' actions should be considered to have fraudulently induced my purchase of Parkway Service Store."
Under Rule 56, summary judgment is appropriate only when the moving party has demonstrated, by the pleadings, answers to interrogatories, depositions, and affidavits, that there is no genuine issue of material fact and that the movant is entitled to the judgment as a matter of law. Whatley v. CardinalPest Control, 388 So.2d 529, 531 (Ala. 1980); Campbellv. Alabama Power Co., 378 So.2d 718, 721 (Ala. 1979). Once the movant supports his motion by affidavits, testimony, or other evidence, as Reynolds has in the instant case, the adverse party may not rest upon the allegations or denials contained in his pleadings; he must respond and show that a genuine issue of material fact does exist. Whatley,supra. Evidence offered in response to the motion, in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings, and must present facts that would be admissible in evidence.Whatley, supra; Morris v. Morris, 366 So.2d 676 (Ala. 1978).
Under Rule 56(e), an opposing affidavit must be made on personal knowledge, must set forth facts that would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated. MJM,Inc. v. Casualty Indemnity Exchange, 481 So.2d 1136 (Ala. 1985). The scintilla rule cannot be satisfied by speculation.Arrington v. Working Woman's Home, 368 So.2d 851 (Ala. 1979).
Black states in his affidavit that "I was informed" that the financial statements were falsified, and that "it came to my attention" that the promissory note had been modified because of Chestang's financial difficulties. It is incumbent upon the nonmovant to support such assertions with admissible evidence, such as actual documents or affidavits of witnesses. Hearsay cannot create an issue of fact. Rule 56(e); Whatley,supra.
Other assertions in Black's affidavit concerning Mrs. Reynolds's awareness or participation in any alleged fraudulent conduct, and the falsity of financial statements, are simply restatements of the allegations contained in the pleadings. Without admissible evidence to support them, these statements do not serve to raise an issue of material fact. Speculation and subjective beliefs are not the equivalent of *Page 850 
personal knowledge and do not satisfy the requirements of Rule 56(e).
Since Black's affidavit fails in these two respects, it does not serve to create a genuine issue of material fact.
We hold that the trial court properly granted Reynolds's motion for summary judgment. The judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.