570 So.2d 1220 (1990)
Euna Lee SCHROEDER, as executrix of the estate of Karl F. Schroeder, deceased
v.
Sherry C. VELLIANITIS, as executrix of the estate of John Vellianitis, deceased.
89-645.
Supreme Court of Alabama.
September 28, 1990.
Rehearing Denied November 9, 1990 with Dissenting Opinion Issued November 16, 1990.
*1221 Richard L. Watters of Howell, Johnston, Langford and Watters, Mobile, for appellant.
Wanda J. Cochran of Silver & Voit, Mobile, for appellee.
KENNEDY, Justice.
Euna Lee Schroeder, as executrix of the estate of Karl F. Schroeder, sued Sherry C. Vellianitis, executrix of the estate of John Vellianitis, alleging that Schroeder's estate was the holder of an unpaid $10,000 promissory note executed by John Vellianitis in return for a $10,000 loan from Mr. Schroeder to Mr. Vellianitis, and demanding payment. Schroeder appeals from a summary judgment for the defendant.
Sherry Vellianitis's summary judgment motion was based on a contention that the debt evidenced by the note had been satisfied. In support of her contention, Ms. Vellianitis offered the affidavit of Jennifer Bodiford, the bookkeeper for the late Mr. Vellianitis. In pertinent part, that affidavit read as follows (all exhibits being omitted):
"2. In December 1986 I was employed as a business manager for John Vellianitis. In that capacity I frequently wrote checks, paid bills and maintained books and records for Mr. Vellianitis's several businesses, which included the nightclubs known as JV's Hangout located on Battleship Parkway in Baldwin County, Alabama and the Lucky Lady Lounge located on Royal Street in Mobile County, Alabama.
"3. On or about December 5, 1986 John Vellianitis borrowed the sum of $10,000 from Plaintiff's decedent, Karl F. Schroeder, and executed a promissory note, a copy of which is attached to this affidavit as Exhibit A. Under the terms of the note, Mr. Vellianitis had the option to pay the note in full by February 9, 1987 at the simple interest rate of 10%, or to pay the note in full by May 10, 1987 at the simple interest rate of 15%.
"4. I was present when the note was signed and witnessed the signatures of Mr. Vellianitis and Mr. Schroeder. Both retained an original, signed copy of this note.
"5. On May 5, 1987 I prepared for Mr. Vellianitis' signature check number 221, payable to cash, in the amount of $8,065.46. A true and correct copy of the cancelled check is attached to this affidavit as Exhibit B.
"6. After receiving check number 221 from Mr. Vellianitis, I personally delivered it to Mr. Schroeder as partial payment for the promissory note previously executed.
"7. On May 9, 1987 I prepared for Mr. Vellianitis' signature check number 225, payable to cash, in the amount of $3,434.54. A true and accurate copy of the cancelled check is attached to this affidavit as Exhibit C.
"8. I was present when Mr. Vellianitis tendered check number 225 to Mr. Schroeder as full and final payment of the promissory note. This meeting occurred on or before May 10, 1987.
"9. At the time of this meeting, I personally marked Mr. Vellianitis' copy of the original promissory note "PAID".
"10. I have diligently searched records in my possession in an effort to locate a copy of Mr. Vellianitis' note, but I have been unable to find it.
"11. Shortly after the meeting between Mr. Vellianitis and Mr. Schroeder, Mr. Schroeder gave me check number 225 and instructed me to cash it and deliver to him the money. I did so on May 13, 1987."
*1222 The back of the $8,065.46 check had written on it the words "For deposit only" along with an eight-digit account number that the defendant alleges was that of Mr. Schroeder.
The total of the two checks was $11,500; that is the total amount, with interest, that Mr. Vellianitis had agreed to pay Mr. Schroeder.
In opposition to the summary judgment motion, the plaintiff's attorney filed the following affidavit the day prior to the hearing on the summary judgment motion:
"My name is RICHARD L. WATTERS and I am the attorney of record for the plaintiff, EUNA LEE SCHROEDER, in the case styled EUNA LEE SCHROEDER, as Executrix of the Estate of Karl F. Schroeder vs. SHERRY C. VELLIANITIS, as Executrix of the Estate of John Vellianitis, CIVIL ACTION NUMBER: CV-89-002645.
"At the time I was first contacted by my client regarding this claim, she brought in a letter to me from Wanda Cochran, Esquire. A copy of said letter is attached to this affidavit. In this letter dated July 10, 1989, Ms. Cochran informed my client's previous attorney, George Simons, Esquire, that her client, Ms. Vellianitis, had found two (2) of the checks paying off the debt made the subject of this lawsuit, and, that she had talked to a Ms. Bodiford who told her that she was present when the final payment was made on the promissory note and that she saw both Mr. Vellianitis and Mr. Schroeder marked on the promissory note that it was paid in full.
"Discussing this matter with Wanda Cochran, I informed her that I did not believe Ms. Bodiford and obviously the checks did not come close to the amount of the promissory note and that one of the checks was marked `Insufficient Funds'. After this conversation, Ms. Cochran sent me a letter dated September 8, 1989. A copy of said letter is attached to this affidavit. In this letter of September 8, 1989, Ms. Cochran stated that her client, Ms. Vellianitis, had found two (2) new checks and that these were the checks that were paid to Mr. Schroeder, that I should disregard the other two (2) checks, and that, in fact, there were no additional checks paying the debt as previously represented. Furthermore, in this letter, Ms. Cochran stated that she had talked to Ms. Bodiford and that Ms. Bodiford had told her that she had personally marked the promissory note paid.
"In discussing settlement of this matter with Ms. Cochran, I informed her that we had the original promissory note and same was not marked in any form or fashion. Some time later, Ms. Cochran came over to my office and examined the promissory note. Approximately, one (1) week after she examined the promissory note, Ms. Cochran sent me the affidavit of Jennifer Bodiford, and, in this affidavit Ms. Bodiford states that she personally marked a copy of the original promissory note as paid.
"It is obvious from the aforesaid that the Defendant and her witness change their stories and facts as they choose, and, as such, their testimony cannot be given any credence or value."
This affidavit was the only evidence offered in opposition to the motion for summary judgment.
Rule 56(e), A.R.Civ.P., reads as follows:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is *1223 a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
Under Rule 56(e), "evidence offered in response to the motion, in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings, and must present facts that would be admissible into evidence.... Hearsay cannot create an issue of fact." Black v. Reynolds, 528 So.2d 848, 849 (Ala.1988).
If the affidavit clearly violates Rule 56(e)'s standard ("made on personal knowledge"), the judgment of the trial court will not be reversed for the court's failure to consider it, even in the absence of an objection or motion to strike. If, on the other hand, the evidence submitted is otherwise admissible, formal defects are waived in the absence of a motion to strike or other objection. See Wright, Miller, and Kane, Federal Practice and Procedure: Civil 2d § 2738, pp. 507-09 (1983).
In examining the affidavit that was offered by counsel for the plaintiff, along with its attachments, that being the only evidence offered in opposition to the motion, we conclude that it did not comport with Rule 56(e) and was insufficient to create a material issue of fact so as to warrant a denial of the motion for summary judgment.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
The affidavit found by the majority to be insufficient under the provisions of Rule 56(e), A.R.Civ.P., was made on personal knowledge, and the documents attached to the affidavit and mentioned in the affidavit, in my opinion, were sufficiently authenticated for the purpose of being considered in opposition to the motion for summary judgment. The majority, I believe, incorrectly determines that the affidavit is insufficient; therefore, I dissent.

ON APPLICATION FOR REHEARING
KENNEDY, Justice.
APPLICATION OVERRULED; NO OPINION.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
On application for rehearing, Schroeder points out that the affidavit from her attorney was not, as the majority opinion states, the only evidence offered in opposition to Vellianitis's motion for summary judgment. Schroeder herself also made an affidavit based upon her personal knowledge, and that affidavit had attached to it the promissory note in issue. Attached to this opinion as appendices are Schroeder's affidavit and the note. I am still of the opinion, especially in light of Schroeder's affidavit, that the trial court erred in entering the summary judgment for Vellianitis.
*1224