John K. Brigman was the sole shareholder of A.T.F. Trucking, Inc. ("A.T.F."). On June 3, 1987, Brigman entered into a contract with J.C. Holding, Inc., for the sale of A.T.F. for $450,000. As part of that agreement, $250,000 of the purchase price was placed in escrow accounts to cover the cost *Page 52 
of undisclosed liabilities and any contingent tax liabilities.
Frank Dejute, the president of J.C. Holding, executed the sales contract individually and in his capacity as president. On June 29, 1988, the contract was amended by a "letter agreement." This letter agreement was made "between Frank Dejute and John Brigman and JoAnn Brigman."[1] Among the provisions of the letter agreement was the following: "The parties agree that with respect to the Transcon Assurance litigation against A.T.F. and others, A.T.F. will assume all liability for this litigation and pay all sums necessary to settle or resolve this litigation."
The Brigmans allege that on February 8, 1989, a settlement was reached in the litigation involving A.T.F. and Transcon Assurance ("Transcon"). The terms of the settlement were that Transcon would dismiss all of its claims against A.T.F. and the Brigmans in exchange for $43,500. The Brigmans claim that pursuant to the terms of the letter agreement, they made numerous demands upon Dejute for payment of the settlement but that he refused. The Brigmans say that because Dejute refused to honor the letter agreement they were forced to pay the $43,500 in settlement of the Transcon litigation.
On May 22, 1989, the Brigmans filed a complaint against A.T.F. and Dejute, alleging breach of contract, fraud, intentional misrepresentation of a material fact, and fraudulent suppression of a material fact.[2] On May 24, 1989, A.T.F. filed for bankruptcy. The Brigmans pursued their claim against Dejute individually. Dejute moved for summary judgment on the grounds that the letter agreement was between the Brigmans and A.T.F. and did not involve Dejute in an individual capacity.
In support of his motion, Dejute filed his own affidavit and the affidavit of the lawyer who drafted the letter agreement. In his affidavit, Dejute stated that the parties did not intend that Dejute personally assume liability for the payment of the Transcon settlement and that he never promised to assume personal liability. The drafting lawyer said that the letter agreement was intended as a contract between the Brigmans and A.T.F., and that there was no intent to include Dejute individually. In opposition to Dejute's motion for summary judgment, the Brigmans filed their own affidavits, wherein they stated that the parties intended for the "letter agreement" to be between the Brigmans and A.T.F. and Dejute as an individual.
On November 28, 1990, the trial court entered a judgment in favor of Dejute. The trial court's order stated:
 "The [Brigmans'] lawsuit is based upon a commercial lease entered into between the [Brigmans] and A.T.F. . . . on the 1st of July 1988, and a stock sale contract entered into between the [Brigmans] and J.C. Holding, Inc., and Frank Dejute dated June 3, 1987, and a letter agreement entered between the [Brigmans] and Frank Dejute dated June 29, 1988.
 "The letter agreement of June 29, 1988, states by its terms that it supersedes the stock purchase agreement of June 3, 1987, and further states that 'they shall mutually release any and all claims between each other, with the exception of the obligations set forth hereinabove.'
 "That neither the letter agreement of June 29, 1988, nor the lease agreement of July 1, 1988, contains any obligation or agreement by Frank Dejute which [is] enforceable or cognizable under the complaint filed by the [Brigmans] herein. That all claims raised in said dispute pertain to the commercial lease of which *Page 53 
Frank Dejute was not a party or the letter agreement in which Frank Dejute did not agree to be bound by the terms of the lease.
 "There are no genuine issues of fact remaining [and] the defendant, Frank Dejute, individually, is entitled to summary judgment on the complaint."
The Brigmans appeal on the grounds that the trial court erred in entering a judgment in favor of Dejute because, they say, there was a genuine issue of material fact regarding the capacity in which Dejute was acting when he entered the "letter agreement" and regarding the question whether there was of fraud and misrepresentation. We affirm.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quotingSchoen v. Gulledge, 481 So.2d 1094 (Ala. 1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990).
Because this action was filed after June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that the nonmovants meet their burden by "substantial evidence." Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence test the nonmovants must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." Schwarzer, Summary Judgment Under theFederal Rules: Defining Genuine Issues of Material Fact,99 F.R.D. 465, 481 (1982).
 I. Breach of Contract
Even when viewed in a light most favorable to the Brigmans, the record shows that there is no genuine issue of material fact concerning the terms of the Transcon litigation provision. The Brigmans argue that Dejute signed the letter agreement in an individual capacity as well as on behalf of A.T.F.[3] Even taking the signature on the letter agreement as a signature in Dejute's individual capacity, we conclude that the terms of the Transcon litigation provision in the letter agreement apply only to A.T.F. and not Dejute. *Page 54 
Whether a contract is ambiguous is a question of law for the trial court to determine. Dill v. Blakeney, 568 So.2d 774 (Ala. 1990); Haddox v. First Alabama Bank of Montgomery,449 So.2d 1226 (Ala. 1984). It is the duty of the court to analyze and determine the meaning of a contract when its terms are clear and certain, and we will not disturb the trial court's decision on appeal unless the terms of the contract are doubtful of meaning. C.F. Halstead Contractor, Inc. v. Dirt, Inc., 294 Ala. 644, 320 So.2d 657 (1975).
In this case, the terms of the Transcon litigation provision are unambiguous: "The parties agree that with respect to the Transcon Assurance litigation against A.T.F. and others,A.T.F. will assume all liability for this litigation and pay all sums necessary to settle or resolve this litigation." (Emphasis added.) It is clear that by this provision of the contract only A.T.F. assumed liability to pay any settlement arising out of the lawsuit with Transcon.
We note that Dejute's signature on the letter agreement as an individual as well as on behalf of A.T.F. is explained without ambiguity when the letter agreement is viewed as a whole. Paragraph 8 of the letter agreement contains a mutual release of other claims not earlier specified in the agreement. Such a release was plainly intended to bind Dejute personally and provides ample reason for an individual signature without any finding of ambiguity. This Court will not insert ambiguity into a contract by a strained reading when it is clear that no ambiguities exist. ERA Commander Realty, Inc. v. Harrigan,514 So.2d 1329 (Ala. 1987). Therefore, we affirm the trial court's judgment in favor of Dejute as to the breach of contract claim.
 II. Fraud
The Brigmans also alleged that Dejute fraudulently induced them to enter into the letter agreement by representing to them that he would individually honor the Transcon provision. The judgment of the trial court fails to specifically address the Brigmans' fraud claims against Dejute. We note that the alleged fraud in this case is in the nature of promissory fraud, because it is based upon an alleged promise to perform in the future, i.e., that A.T.F. would pay for any future settlement that might be reached in the Transcon case. See, E SFacilities, Inc. v. Precision Chipper Corp., 565 So.2d 54 (Ala. 1990).
The terms of the Transcon provision were that A.T.F. would pay any future settlement that might arise out of the Transcon litigation. The letter agreement was dated June 29, 1988, but the settlement was not actually reached with Transcon until over seven months later, on February 8, 1989. The elements of fraud are (1) a false representation (2) of a material existing fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result of the misrepresentation. McAlister v.Deatherage, 523 So.2d 387 (Ala. 1988). If the fraud or misrepresentation is based upon a promise to perform some act in the future, then the plaintiff must prove two additional elements: (1) the defendant's intention, at the time of the alleged misrepresentation, not to do the act promised, and (2) an intent to deceive. E S Facilities, supra; P S Business,Inc. v. South Central Bell Telephone Co., 466 So.2d 928, 930
(Ala. 1985). A mere breach of contract, without more, is insufficient evidence to show a present intent not to perform.Gadsden Paper Supply Co. v. Washburn, 554 So.2d 983 (Ala. 1989).
The only evidence that the Brigmans presented in support of their fraud claims was their own joint affidavit. In that affidavit the Brigmans in no way indicated that Dejute had a present intent not to pay any settlement arising out of the Transcon litigation when he entered into the letter agreement. The Brigmans' affidavit stated as follows:
 "Mr. Dejute personally assured us that if we would agree to release the $40,000 in escrow, then he would use that money to settle the Transcon lawsuit. We would not have entered into the letter agreement without these personal assurances of Mr. Dejute because he was our *Page 55 
only real contact with A.T.F. and its parent company J.C. Holding, Inc. That is why we insisted on the letter agreement being between ourselves and Mr. Dejute, individually, and this was clearly understood both by himself and our lawyer. . . ."
The Brigmans' affidavit presents no substantial evidence of fraud. Therefore, the trial court's judgment in favor of Dejute is also affirmed as to the fraud claim.
AFFIRMED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The record does not indicate why JoAnn Brigman was a party to the "letter agreement" but not to the June 3, 1987, contract for the sale of A.T.F. to J.C. Holding.
[2] This complaint was actually filed as a second amended complaint to an action filed on October 25, 1988, by the Brigmans against A.T.F. involving a separate dispute. The issue before us on this appeal concerns only the amended complaint filed on May 22, 1989. The Brigmans do not argue their claim of fraudulent suppression of a material fact; thus, that claim is waived. Bogle v. Scheer, 512 So.2d 1336 (Ala. 1987).
[3] The letter agreement was signed in the following manner:
 "/s/ Frank Dejute
"Frank Dejute
 "/s/ John Brigman
"John Brigman "/s/ Joann Brigman
"[Joann] Brigman
 "A.T.F. Trucking Inc. "By: /s/ Frank Dejute "Its: Sec. Treas."