Bill Mullinax appeals from a summary judgment entered in favor of the defendants, John's Wholesale Jewelry ("John's") and John Burleson, on Mullinax's claim that the defendants wrongfully terminated him from his employment at John's. We affirm.
It is undisputed that when Mullinax was approached by John Burleson with regard to potential employment with John's, Mullinax had been in the employment of Goldbro jewelry store for approximately 4 years and 10 months. It is further undisputed that after discussions between the two men, Mullinax did accept employment with John's in October 1987. He was, however, terminated in December 1987, after the Christmas season. Mullinax contends that he was induced to leave his job at Goldbro in order to work at John's and that he was led to believe that his employment with John's would be permanent. Therefore, he argues that his termination, coming less than three months after beginning his job, was wrongful. At the hearing on the defendants' motion for summary judgment, the defendants offered the following portion of Mullinax's deposition in support of the motion:
 "Q. All right. What do you remember as far as the job offer itself?
 "A. I remember that I asked about benefits, and I asked about hours, and I asked mainly about longevity in the job because I have a family and [am] planning to have children, and I extremely asked about that. And everything he said sounded positive. He offered me full paid insurance, possibly a partial ownership in the company if he advanced soon enough. Down on Highway 280 was a possible location for the future which sounded great. I was hoping he would. And the money was about the same. The insurance was paid, which was better, and the hours were some better, and it just looked good. Everything he said looked good.
 "Q. Do you recall what his response was to your inquiry about longevity in the job?
"A. Positive.
"Q. By 'positive,' what do you mean?
 "A. If I benefited his company and, you know, it was positive.
 "Q. Do you recall whether he used that word positive?
"A. No, sir, I don't.
 "Q. What do you mean by 'positive' in regard to the longevity?
 "A. He told me that that was no problem, longevity was no problem. Again, when we talked on the phone in the next day or two I would bring it up again, and he said there wouldn't be any worry, that that was there, to quit worrying about that, that was no problem.
 "Q. Okay. Other than that, do you recall anything that he may have said to you in your negotiations before accepting his offer, in regard to longevity?
"A. Before when?
 "Q. Before you actually accepted his offer of employment, do you remember whether he said anything else to you about longevity in your job, other than what you have just related?
 "A. No, sir. Just that it was stressed very heavily on my part, and he responded positive. Don't worry about it, convinced me not to." *Page 840 
It is clear to us that Mullinax did not understand the job offered to him to be a "permanent" one; he even admitted in his deposition that his job performance — "If I benefited the company" — was a factor he understood to be crucial with regard to the longevity of his employment with John's.
 "Alabama law is clear that, absent a clear and unequivocal offer of employment for a specified duration, an employment is at-will, Bates v. Jim Walter Resources, Inc., 418 So.2d 903 (Ala. 1982), Hinrichs v. Tranquilaire Hosp., 352 So.2d 1130
(Ala. 1977)."
Selby v. Quartrol Corp., 514 So.2d 1294, 1295 (Ala. 1987). Therefore, the trial court correctly held that Mullinax's offer was not one for permanent employment.
Mullinax also contends that he was fraudulently induced to leave his employment at Goldbro and that Burleson misrepresented the terms of the new employment, i.e., the longevity of the job. We disagree. The record is clear that Burleson induced Mullinax to accept employment with him. However, the employment was not for a specified term and, although Mullinax argues otherwise, there simply was no promise of a permanent job. Therefore, even if Burleson did induce Mullinax to leave his employment at Goldbro, there simply was no duty to keep him employed at John's indefinitely.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.