Century Plaza Company sued Iradj Sooudi and G.G.I. Enterprises, Inc., seeking rent and other charges pursuant to a lease between the parties. Sooudi answered and counterclaimed, alleging promissory fraud; G.G.I. Enterprises neither answered nor otherwise appeared in the action. The trial court entered a summary judgment for Century Plaza and against Sooudi, awarding damages of $73,371.63. Sooudi filed a motion to amend the judgment, which the trial court denied; however, in response to an additional affidavit filed by Century Plaza's accountant, the trial court reduced the amount of the judgment against Sooudi to $46,931.06 to reflect the correction of an accounting error. The trial court thereafter entered a default judgment against G.G.I. Enterprises in the amount of $46,931.06. Sooudi appeals.[1]
Century Plaza owns the Century Plaza shopping mall located in Birmingham, Alabama. In November 1986, Century Plaza leased space in the mall's "food court" to G.G.I. Enterprises for the operation of a "Golden Greek" restaurant. The lease had a 10-year term commencing in February 1987; however, a rider to the lease contained a "Performance Clause," which provided:
 "C. The intent of this Food Court is to provide high volume fast food services for the shoppers at Century Plaza. To that end, if Tenant does not reach a *Page 1277 
gross sales volume at the end of the third lease year which is sufficient to require tenant to pay Landlord percentage rentals, Landlord and Tenant shall each have the option for a period of 120 days after the end of the third lease year to terminate this lease on 30 days' written notice without further obligation by either party to this Lease. This option shall then be in effect at the end of each subsequent year in the same manner. . . .
". . . .
 "E. Landlord reserves the right to relocate Tenant into another Food Court in the event of an expansion of the Shopping Center or in the event that the Food court itself is moved to a different location. . . ."
The gross sales volume sufficient to require G.G.I. Enterprises to pay percentage rentals was $325,000 for the first seven years and $367,000 for the last three years of the lease.
G.G.I. Enterprises subsequently assigned its lessee's interest to Sooudi, as its franchisee. Sooudi agreed to perform all terms, covenants, and conditions of the lease, including paying the rent, the utility charges, merchant association dues, and real estate taxes. Pursuant to the assignment, Sooudi opened a Golden Greek restaurant in the mall's food court in February 1987.
The evidence indicated that soon thereafter, he realized the food court had little customer traffic and thus attracted few customers. During 1987 and 1988, G.G.I. Enterprises and Sooudi complained to Century Plaza officers about this lack of traffic, which, they said they believed, prevented the restaurant from meeting the level of sales set out in the performance clause of the agreement. In response, Century Plaza twice reduced the amount of rent under the lease, specifically reserving the right to require Sooudi to relocate the restaurant within the mall.
In late 1988, Sooudi learned that the Century Plaza mall would undergo renovations and that the food court would be relocated to another area of the mall. In April 1989, G.G.I. Enterprises terminated the lease, based on the restaurant's failure to generate the volume of business anticipated under the performance clause. Nevertheless, Sooudi remained in possession of the restaurant premises until February 1990.
In his pleadings, Sooudi alleged that Century Plaza represented to him that the Golden Greek restaurant would have a place in the new food court if it increased its sales and that he relied on this representation in continuing to operate the business after G.G.I. Enterprises had terminated the lease. Sooudi alleged that he did not close the business until after Century Plaza had informed him he had not met the requirements of the performance clause and was thus not a candidate for the new food court. He further alleged that Century Plaza prevented him from returning to reclaim the equipment and inventory that remained on the premises.
In its motion for summary judgment, Century Plaza presented affidavit testimony from the general manager of the mall, who stated that Golden Greek closed before the renovations of the food court were complete. He further averred that Sooudi would have been offered the opportunity to relocate the restaurant into the new food court if it had remained open until the area was ready and if the restaurant had met the minimum volume of sales required. Century Plaza also presented evidence that Sooudi failed to make lease payments during the period between January 1, 1989, and February 1, 1990, and that the deficiency amounted to $38,819.06, and that it had incurred $8,112 in attorney fees in an effort to collect the rent.
To oppose Century Plaza's motion for summary judgment, Sooudi presented his own affidavit, in which he restated that Century Plaza had continuously led him to believe that his restaurant would be included in the renovation. Sooudi stated that Century Plaza did not want the restaurant to close until the renovation was complete and, therefore, did not press for rent during the 1989-90 rental period. Sooudi said he retained ownership of the failing restaurant, with reduced rent, until mid-February *Page 1278 
1992. Sooudi also stated that he attempted to sell his franchise interest in 1989, but that the manager of the mall told the potential customer not to consider buying it because "the fate of the food court was in question."
The elements of promissory fraud are (1) a misrepresentation (2) of a material existing fact (3) upon which the plaintiff justifiably relied and (4) which proximately caused damage to the plaintiff. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990). A representation regarding acts or events to take place in the future constitutes fraud only if, at the time the statement is made, the party making the statement intends to deceive. Hanners.
Other than the statements made in his own affidavit, however, Sooudi presented no evidence to show that Century Plaza misled him and thereby caused him to believe that his restaurant would be included in the new food court. In his pleadings, Sooudi alleged that Century Plaza promised him that Golden Greek would be included if its sales increased, and Century Plaza did not dispute that it made this conditional promise. Sooudi presented no substantial evidence to show that Century Plaza did not intend to keep its promise if he had met the condition, which he undisputedly did not meet. Likewise, Sooudi presented no evidence other than his own statements to prove that Century Plaza hampered his attempts to sell the business; he offered no statement from the potential customer or the Century Plaza mall manager to corroborate his assertions. To support his claim that Century Plaza wrongfully seized his equipment and inventory from the restaurant, Sooudi presented a letter from SouthTrust Bank; that letter, however, shows only that he borrowed $93,700 from the bank "for the purpose of purchasing a business." There is no evidence to show what portion of the loan proceeds was applied to the purchase of equipment and inventory or to show the depreciated value of the equipment and inventory. Sooudi did not even present a list of the equipment that he bought or any other evidence to indicate what items he left behind at the restaurant.
It is well established that if the party moving for a summary judgment makes a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law, then the burden of proof shifts to the nonmovant, who must produce "substantial evidence" that creates a genuine issue of material fact or shows that the movant is not entitled to a judgment as a matter of law.Brigman v. Dejute, 593 So.2d 51 (Ala. 1991). Under Rule 56(e), A.R.Civ.P., evidence offered in response to a motion for summary judgment, in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings and must present facts that would be admissible into evidence. Schroeder v. Vellianitis,570 So.2d 1220 (Ala. 1990). Affidavits must contain statements based upon the personal knowledge of the affiant, and mere speculation and statements of subjective beliefs are not the equivalent of personal knowledge. Black v. Reynolds, 528 So.2d 848 (Ala. 1988). Affidavits making vague, general assertions do not fulfill the requirements of Rule 56(e). Bass v. SouthTrust Bankof Baldwin County, 538 So.2d 794 (Ala. 1989).
In this case, Sooudi presented little more than his own subjective affidavit and general pleadings to support his claims. This is not substantial evidence of the elements of promissory fraud; thus, the court properly determined that Sooudi failed to meet the burden of proof necessary to defeat Century Plaza's properly supported motion for summary judgment. The trial court's judgment is therefore affirmed.
AFFIRMED.
ALMON, ADAMS and INGRAM, JJ., concur.
HORNSBY, C.J., concurs in the result.
[1] G.G.I. Enterprises, Inc., is not a party to this appeal. *Page 1279