PER CURIAM.
The plaintiff, Craig Gorham, appeals from a summary judgment for the defendants, Glendean Drugs and its owner, Charles E. Darling, in a fraud action. We affirm.
Because our review of the record on appeal indicates that the trial court was correct in its view of the evidence and in its conclusions based on that evidence, we set out the trial court’s order in its entirety:
“This matter is before the court on Motion for Summary Judge filed by the defendants [Glendean Drugs, Inc., and Charles E. Darling]. The court has heard oral argument and considered briefs and other materials submitted by the parties.
“This is a suit by the plaintiff [Craig Gorham] alleging fraud under Sections 6-5-101 and -103 of the Code of Alabama, 1975. [Gorham] alleges he was wrongfully induced to leave his employment with Big B Drugs in Montgomery and assume a similar position with defendant Glendean Drugs, Inc., in Auburn. The other defendant, Darling, is the owner of Glendean Drugs and made the representations which form the basis of the alleged fraud.
“[Gorham] contends that Darling presented an employment package to him in order to induce [Gorham] to leave his job in Montgomery and move to Auburn. After beginning his employment in Auburn, *500 the alleged representations as to certain employment benefits were not fulfilled. [Gorham] then resigned.
“The thrust of the arguments advanced by the defendants is that this is an employee-at-will situation and [that Gorham, therefore,] has no cause of action, based on the holding in Mullinax v. John’s Wholesale Jewelry, 598 So.2d 838 (Ala.1992). [Gorham] contends that he was offered lifetime employment.
“No written contract of employment was executed by the parties. This case is based on oral representations. After reviewing the contents of [Gorham’s] deposition, it does not appear that he has offered substantial evidence of [an offer of] permanent employment.
“[Gorham] states in his brief that this is an action based on fraud in the inducement regarding these alleged misrepresentations. The court has carefully searched all of the materials submitted in opposition to the Motion For Summary Judgment and finds no evidence that would indicate an intent to defraud by the defendant Darling at the time the alleged misrepresentations were made.
“The cases in this state are clear in holding that when a misrepresentation relates to an act to be performed in the future, it must have been made with the intent to deceive the other party and there must have been, at the time the representation was made, an intent not to do the thing promised. See Vance v. Huff, 568 So.2d 745 (Ala.1990). [See, also, Campisi v. Scoles Cadillac, Inc., 611 So.2d 296 (Ala.1992).]
“The court finds that there is no substantial evidence of an intent to defraud on the behalf of the defendants at the time of the alleged misrepresentation. Motion for Summary Judgment is GRANTED on behalf of the defendants. Judgment is rendered in favor of the defendants and is final.”
“Our review [of this case is] subject to the caveat that this Court must review the record in a light most favorable to the nonmov-ant [Gorham] and resolve all reasonable doubts against the movant[s]” (here, Glende-an Drugs and Darling). Brigman v. Dejute, 593 So.2d 51 (Ala.1991). Viewing the record most favorably to Gorham, however, we find no basis for reversing the trial court’s judgment; therefore, the judgment is affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.